IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| J.N.C.G., | : |
| Petitioner, | : |
| v. | : CASE NO. 4:20-CV-62-MSH |
| | : 28 U.S.C. § 2241 |
| Warden, STEWART DETENTION CENTER, *et al.*, | : |
| Respondents. | : |

## ORDER

Pending before the Court is Petitioner's motion for attorney fees (ECF No. 32) under the Equal Access to Justice Act ("EAJA"). On April 3, 2020, Petitioner filed his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), contending that his detention under 8 U.S.C. § 1226(c) had become unreasonably prolonged in violation of the Fifth Amendment Due Process Clause. After applying the five-factor test outlined in *Sopo v. United States Attorney General*, 825 F.3d 1199 (11th Cir. 2016), *vacated on other grounds*, 890 F.3d 952 (11th Cir. 2018), the Court granted Petitioner's application for habeas relief in part, concluding that his sixteen months' detention without a bond hearing did not comport with due process. Order 16, Aug. 26, 2020, ECF No. 22. The Court ordered Respondents to provide Petitioner with an individualized bond hearing, but it rejected his contention that the Government should bear the burden of proving he was not a flight risk or danger to others. *Id.* at 16-17. The United States Court of Appeals for the Eleventh Circuit issued its mandate (ECF No. 31)

dismissing Respondents' appeal on February 23, 2021.  Petitioner timely filed his application for fees (ECF No. 32) on March 24, 2021.  Respondents filed a response (ECF No. 34) on April 28, 2021.  The motion is ripe for review.

The EAJA provides that:

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  The Supreme Court has identified four conditions for the award of fees under the EAJA:

> (1) that the claimant [is] a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).  Here, Respondents concede the first, third, and fourth conditions but contend their position was substantially justified.  Resp'ts' Resp. to Mot. for Fees 3, ECF No. 34.  "A position of the United States is substantially justified if it is 'justified to a degree that could satisfy a reasonable person.'"  *Kurapati v. U.S. Citizenship and Immigr. Servs.*, 700 F. App'x 974, 976 (11th Cir. 2017) (per curiam) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  "The government bears the burden of showing that its position was substantially justified."  *City of Brunswick, Ga. v. United States*, 849 F.2d 501, 504 (11th Cir. 1988).  The Court agrees that Respondents' position was substantially justified.

2

Detention of aliens falling under the provisions of 8 U.S.C. § 1226(c) is mandatory. *Jennings v. Rodriguez*, --U.S.--, 138 S.Ct. 830, 846 (2018). Accordingly, applicable regulations prohibit release of criminal aliens except under circumstances that were not applicable here. 8 C.F.R. § 1236.1(c)(1)(i). And while the Court applied the *Sopo* factors to conclude that Petitioner's prolonged detention without a bond hearing violated due process, "no bright-line rule exists to deem a certain length of detention automatically unreasonable." *Haji S. v. Barr*, No. 18-3493 (PAM/LIB), 2020 WL 134814, at *1 (D. Minn. Jan. 13, 2020). In fact, *Sopo* was vacated, and there are currently no published or unpublished Eleventh Circuit decisions confirming that the *Sopo* factors apply to § 1226(c) detainees' due process challenges or discussing what other specific factors may be considered. Thus, while some of Respondents' arguments were stronger than others and the Court rejected their *Demore*-oriented approach, the Court concludes that their position was substantially justified.[1] Thus, Petitioner's motion for attorney's fees (ECF No. 32) is **DENIED**.

SO ORDERED, this 7th day of May, 2021.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

[1] Respondents relied heavily on *Demore v. Kim*, 538 U.S. 510 (2003).